UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. RAMSHAW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:05CV927 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Respondent United States of America's (the "Government") motion to dismiss for lack of subject matter jurisdiction [#2]. I do not have subject matter jurisdiction over this case, and I will grant the motion.

Petitioner Michael Ramshaw filed this case seeking an order quashing a third party summons issued by the IRS under 26 U.S.C. § 7609. The Government filed a motion to dismiss for lack of subject matter jurisdiction based on Ramshaw's failure to provide notice as required by 26 U.S.C. § 7609(b). In his response, Ramshaw argues that he complied with the statutory notice requirements by personally delivering the motion to the United States Attorneys Office and by mailing first-class the motion to the IRS. Ramshaw does not claim that he provided any notice to the summoned party. The Government replies that personal delivery and first-class mail do not constitute "notice" under 26 U.S.C. § 7609(b) and that notice must also

be provided to the summoned party.  The plain language of the United States Code reveals that the Government is correct.

"Only Congress may determine a lower federal court's subject-matter jurisdiction."  Kontrick v. Ryan, 540 U.S. 443, 452 (U.S. 2004) (citing U.S. Const. Art. III, § 1).  When it enacted the IRS Code, Congress specified that the lower federal courts would have jurisdiction over proceedings to quash third party subpoenas *only* when the potential litigants satisfy certain notice requirements.  26 U.S.C. § 7609(b).

> According to the governing statute:
>
> Requirement of notice to person summoned and to Secretary. If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall *mail by registered or certified mail* a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

26 U.S.C. § 7609(b) (emphasis added).

It is clear that the statute requires notice to be sent by registered or certified mail.  Failure to provide notice as required by the statute prevents the Court from having jurisdiction over Ramshaw's claim:

> Failure to give timely notice to either the summoned party or the Service in the manner described in this paragraph means that the notified person *has failed to institute a proceeding to quash and the district court has no jurisdiction to hear the proceeding*. Thus, for

example, if the notified person mails a copy of the petition to the summoned person but not to the designated Service employee and office, the notified person has failed to institute a proceeding to quash. Similarly, if the notified person mails a copy of such petition to the summoned person but, instead of sending a copy of the petition by registered or certified mail to the designated employee and office, the notified person gives the designated employee and office the petition by some other means, the notified person has failed to institute a proceeding to quash.

26 C.F.R. § 301.7609-3(b)(2) (emphasis added).

It is undisputed that Ramshaw sent notice to the IRS by either personal delivery or first-class mail, not by registered or certified mail. It is also undisputed that Ramshaw did not provide any notice to the summoned party. Thus, both examples in 26 C.F.R. § 301.7609-3(b)(2) illustrate that Ramshaw has failed to institute a proceeding to quash under 26 U.S.C. § 7609. As a result, I lack subject matter jurisdiction over the proceeding.

The Government's motion will be granted, and I will dismiss this case with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion to dismiss for lack of subject matter jurisdiction [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Ramshaw's motion to quash [#1] is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that this case shall be dismissed with prejudice.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 16th Day of August, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE